IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ADAMS, | ) | |
| | ) | No. 07 CV 3980 |
| Plaintiff, | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City, pursuant to Federal Rules of Civil Procedure 26 and 34, objects and responds to Plaintiff's Third Request for Production of Documents as follows:

1. Leonard Obilor's personnel/personal file.

**RESPONSE:** The City objects to this request on the grounds that the undefined phrase "personal files" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Further, the City objects to the extent that this request is overly broad as to time frame and it is not reasonably calculated to lead to the discovery of admissible evidence.

2. Jason Rivas' personnel/personal file.

**RESPONSE:** The City objects to this request on the grounds that the undefined phrase "personal files" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Further, the City objects to the extent that this request is overly broad as to time frame and it is not reasonably calculated to lead to the discovery of admissible evidence. Also, the City objects to this request to the extent that it seeks

Exhibit 1

personal and confidential information the disclosure of which could violate the privacy rights of non-parties to this litigation. Subject to and without waiving said objections, the City responds by identifying Rivas' personnel file as maintained by the Department of Planning and Development ("Department"), Bates Nos. DA02184-2207, previously produced, and marked "confidential" pursuant to the protective order. The City further responds by producing Rivas' Daily Time Report For Employees, Bates Nos. DA002208-2209.

    3.    Rosendo Mota's personnel/personal file.

**RESPONSE:** The City objects to this request on the grounds that the undefined phrase "personal files" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Further, the City objects to the extent that this request is overly broad as to time frame and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, the City responds by identifying Mota's personnel file as maintained by the Department, and making it available for attorneys' eyes only review.

    4.    Kivu Robinson's personnel/personal file.

**RESPONSE:** The City objects to this request on the grounds that the undefined phrase "personal files" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Further, the City objects to the extent that this request is overly broad as to time frame and it is not reasonably calculated to lead to the discovery of admissible evidence.

    5.    The personnel/personal files of the individuals listed in Interrogatory No. 1 in plaintiff's third set of interrogatories to defendant.

**RESPONSE:** The City objects to this request on the grounds that the undefined phrase "personal files" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Further, the City objects to the extent that this request is overly broad as to time frame and it is not reasonably calculated to lead to the discovery of admissible evidence.

6. Any and all documents that list the training, education, and experience required of each position in the Administration Division of the Department of Planning and Development from August 5, 2002 to the present. (See page 39 of the Deposition of Nikki Bravo).

**RESPONSE:** The City objects to this request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, and overly broad as to time frame. The City further objects to this request on the grounds that it fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Subject to and without waiving said objections, the City responds by referring plaintiff to the Department of Human Resources' ("DHR") job description for Accountant IV, Bates Nos. DA00143-44, previously produced, and DHR's job descriptions for Director of Finance, Financial Planning Analyst, Supervisor of Accounts, Coordinator of Special Projects, Contracts Coordinator, and Program Auditor III, Bates Nos. DA02208-2221.

7. Any and all documents that list the job description of each position in the Administration Division of the Department of Planning and Development from August 5, 2002 to the present.

**RESPONSE:** The City objects to this request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, and overly broad as to time frame. The City further objects to this request on the grounds that it fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ.

Pro. 34. Subject to and without waiving said objection, the City responds by referring plaintiff to DHR's job description for Accountant IV, Bates Nos. DA00143-44, previously produced, and DHR's job descriptions for Director of Finance, Financial Planning Analyst, Supervisor of Accounts, Coordinator of Special Projects, Contracts Coordinator, and Program Auditor III, Bates Nos. DA02208-2221.

8. Any and all documents that show the number of vouchers that were processed by the individuals in the fiscal unit of the Department of Planning and Development. (See page 71 of the Deposition of Nikki Bravo).

RESPONSE: The City objects to this request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, and overly broad as to time frame and scope. The City further objects that the phrase "the number of vouchers processed by the individuals" is vague and ambiguous and fails to identify the requested documents with reasonable particularity as required by Fed. R. Civ. Pro. 34. Subject to and without waiving said objections, the City responds by producing voucher totals for 2003-2005, Bates Nos. DA002222-2224.

9. Plaintiff's Performance Management System evaluations from June 1, 1999 to August 5, 2005. (See page 98 of the Deposition of Nikki Bravo).

**RESPONSE:** The City objects to this request on the grounds that it is unduly burdensome and overly broad as to time frame and scope. Subject to and without waiving said objections, the City responds by referring to plaintiff's personnel file as maintained by the Department, Bates Nos. DA00402-697, previously produced, and other personnel documents relating to plaintiff, Bates Nos. DA00698-1884, previously produced.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

BY: _____
PETER AHMADIAN
ALEXANDRA RELIAS
Assistants Corporation Counsel

30 North LaSalle Street
Room 1020
Chicago, Illinois 60602
(312) 744-0898